IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARGARET S. ARMIJO,

    Plaintiff,

vs.

    No. CIV-04-482 WJ/RLP

LUNA COMMUNITY COLLEGE

    Defendant.

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Defendant Luna Community College, by and through its counsel of record, Narvaez Law Firm, P.A., hereby submits it proposed findings of fact and conclusions of law as follows:

## FINDINGS OF FACT

1. Plaintiff was employed with Luna Community College, formerly Luna Vocational Technical Institute, beginning in 1977. At that time she worked as the Head Librarian.

2. Plaintiff never worked a flexible schedule due to a medical condition or disability throughout her tenure with Luna Community College.

3. Plaintiff's occasional flexible schedule was based upon the need to provide evening hours to the student population.

4. Plaintiff never requested a flexible schedule based upon a medical condition or disability from past administrations.

5. Plaintiff never informed the prior president, Dr. Pino, of her alleged medical condition. Nor did she inform him that she was working a flexible schedule as a reasonable accommodation for her alleged medical condition/disability.

6. One of Plaintiff's duties as the Head Librarian, and subsequently as the Director of the Learning Resource Center, was to evaluate employees.



7.      Plaintiff was also responsible for supervising employees and for supervising the operation of the Learning Resource Center.

8.      The "Luna Vocational Technical Institute Position Description Learning Resource Center Director" required that Plaintiff supervise and coordinate the operation of the Learning Resource Center.

9.      Plaintiff would provide her personnel with guidance and support regarding professional development.

10.     As a Director, Plaintiff was also responsible for attending meetings with other directors or individuals who had supervisory positions at Luna Community College.

11.     Plaintiff was aware of these employment duties.

12.     In October 2001, Plaintiff had a blackout.

13.     Plaintiff was visited by administrators at Luna Community College shortly after the blackout. However, at no time during that meeting did she request a reasonable accommodation based upon a disability or medical condition.

14.     Dr. Mel Olivares never provided documentation following the blackout regarding a reasonable accommodation of a flexible schedule.

15.     Dr. Mel Olivares provided a note dated January 4, 2002, in which he noted that Plaintiff was "ill" and was "undergoing medical testing." At that time, Dr. Olivares asked that Plaintiff be excused from work from January 3, 2002 to January 17, 2002.

16.     Plaintiff did not address the accommodation issue until May 2002.

17.     Plaintiff adjusted her own work schedule without proper approval in May 2002.

18.     By letter dated June 20, 2002, Rita Garcia, the Human Resources Director at Luna Community College, requested information from Plaintiff regarding Plaintiff's alleged medical condition.

19. Plaintiff provided a memorandum to Dr. Gilbert Sena dated June 24, 2002, in which she stated that she "just received the documentation from the doctor regarding [her] medical condition. This is the documentation you requested to accompany the proposed work schedule adjustment for the LRC."

20. The first letter forwarded by Dr. Olivares requesting a flexible schedule was dated June 17, 2002, approximately seven months after the November 2001 blackout. This letter accompanied Plaintiff's June 24, 2002 memorandum.

21. In the June 17, 2002 letter, Dr. Olivares did not specify an explanation as to what the flexible schedule Plaintiff required.

22. In response to Plaintiff's June 24 memorandum, Ms. Garcia and Dr. Sena forwarded a letter requesting "appropriate certification" from her physician regarding her alleged disability. Ms. Garcia sought information regarding the duration of the condition and appropriate "medical facts within the knowledge of the health care provider regarding the condition."

23. Ms. Garcia and Dr. Sena informed Plaintiff that as a Director, Plaintiff's presence was required during normal institute hours which are 8:00 a.m. to 4:30 p.m., Monday through Friday.

24. Plaintiff did not provide any responsive medical information from her physicians as requested in the June 24 memorandum from Ms. Garcia and Dr. Sena.

25. Plaintiff submitted a memorandum dated July 9, 2002 to Dr. Sena. In the memorandum, Plaintiff stated: "I believe I can enjoy not working evening shifts and being home with my family in the evening."

26. Plaintiff failed to timely provide Luna Community College with any additional information following her July 9, 2002 memorandum. Luna Community College understood that Plaintiff no longer sought a reasonable accommodation based upon Plaintiff's July 9, 2002 letter.

27. On October 29, 2002, Dr. Michael Lopez submitted a letter to President Leroy Sanchez in which he stated that Plaintiff suffered from syncope and chronic back pain. Dr. Lopez acknowledged that Plaintiff was "frequently" absent from work and that the absences would continue into the future.

28. The letter stated the absences were short-term and Dr. Lopez did not expect any long-term absences from work. No request for accommodation through a flexible schedule was set forth in the letter from Dr. Lopez.

29. Based on the letter from Dr. Lopez, Luna Community College understood Plaintiff would be away from work only on a short-term basis.

30. A "Leave Analysis" prepared by Rita Garcia during the relevant time period establishes that Plaintiff was not reporting to work on a regular basis.

31. The Leave Analysis establishes that Plaintiff was away from work, or arrived late, for two-thirds of the month in July 2002. Plaintiff missed work for every month the leave analysis addressed.

32. Plaintiff is not disabled within the meaning of the Americans with Disabilities Act.

33. During 2002 until her retirement, Plaintiff was only groggy in the morning and had a hard time focusing and being alert in the morning.

34. The medication Plaintiff was prescribed only impacted her ability to concentrate.

35. Dr. Olivares acknowledges that Plaintiff was complaining about being sleepy and tired. This was the basis for the requested accommodation.

4

36. Plaintiff believed she was able to function properly beginning between the hours of 9:00 a.m. and 10:30 a.m.

37. The regular business hours at Luna Community College are 8:00 a.m. to 4:30 p.m.

38. All directors at Luna Community College, including Plaintiff, were required to be at Luna Community College during regular business hours.

39. Plaintiff concedes there were times when she could function earlier because she had better sleep.

40. Plaintiff was taking her medication with dinner between the hours of 8:00 p.m. and 9:00 p.m.

41. Following dinner, Plaintiff would retire to bed around 10:30 p.m. or 11:00 p.m.

42. Plaintiff voluntarily resigned her position through retirement in June 2003.

43. On February 13, 2004, Plaintiff suffered from a severe blackout.

44. Plaintiff's doctors do not know the cause of the February 13, 2004, blackout and are still trying to find a diagnosis.

45. Since the February 13, 2004 incident, Plaintiff has been unable to return to work.

## CONCLUSIONS OF LAW

1. Plaintiff has failed to prove that she is disabled within the meaning of the Americans with Disabilities Act.

2. Plaintiff has failed to prove that she participated in the interactive process in good faith.

3. Plaintiff has failed to prove that she could complete the duties of her job with or without reasonable accommodation.

4. Luna Community College would have suffered an undue hardship had Plaintiff's request for accommodation been granted.

5.   Concentration is not a major life activity under the ADA.

6.   Driving is not a major life activity under the ADA.

7.   Plaintiff failed to mitigate her alleged damages.

8.   A prevailing plaintiff must prove through competent evidence and by a preponderance of evidence any and all claims for damages; Plaintiff has failed to meet this burden of proof.

                        Respectfully submitted,

                        NARVAEZ LAW FIRM, P.A.

                        By _____
                            HENRY F. NARVAEZ
                            ERNESTINA R. CRUZ
                        Attorneys for Defendant Luna Community College
                        Post Office Box 25967
                        Albuquerque, New Mexico 87125-0967
                        (505) 248-0500   Fax: (505) 247-1344

I hereby certify that a true copy of the foregoing pleading was faxed and mailed on May 19, 2006 to:

    Gilbert J. Vigil, Esq.
    Jason Burnette, Esq.
    1615 Central Avenue NW
    Albuquerque, NM 87104
    (505) 242-8564 (fax)

_____
ERNESTINA R. CRUZ